ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUL 22  A 9:41

| | |
|---|---|
| GILBERT E. LINDER, | : CIVIL ACTION NO. 02-CV-1956 (JGM) |
| Plaintiff, | : |
| v. | : |
| BYK-CHEMIE USA, INC., in its Capacity as Plan Sponsor of the RETIREMENT PLAN OF BYK-CHEMIE USA INC., and the SUPPLEMENTAL RETIREMENT PLAN OF BYK-CHEMIE USA INC., | : |
| Defendants. | : July 22, 2005 |

**CONSENT MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME**

COMES NOW Defendants BYK-Chemie USA, Inc., the Supplemental Retirement Plan of BYK-Chemie USA Inc. and Plaintiff Gilbert E. Linder (the "Parties") and hereby move the Court for an order allowing Defendants to file an answer to Plaintiff's Complaint out of time. In support of said Motion, the Parties show the Court as follows:

1. In reviewing the file in this matter, defense counsel recently discovered that it inadvertently failed to file a copy of its Answer with this Court.

2. Defense counsel believes that this inadvertent error resulted from the unique procedural posture of this case.

3. As the Court may recall, Defendants received an extension time in which to file their Answer in this matter so that the parties could resolve via summary judgment motions the issue of whether Plaintiff was required to exhaust his administrative remedies under the Plan. The summary judgment motions were pending before the Court for nearly year.

ATL01/11991537v1

Immediately on the heels of the summary judgment ruling, the parties engaged in Court supervised mediation, which was ultimately unsuccessful. Immediately thereafter, the parties, with the assistance of the Court, engaged in a prolonged dialogue over the application of the attorney client privilege to various discovery materials. As noted, defense counsel only recently discovered that in the midst of these proceedings it failed to file its Answer with the Court.

4. Defense counsel has consulted with Plaintiff's counsel regarding this matter, and Plaintiff's counsel has specifically consented to Defendants filing their Answer with the Court out of time.

5. A copy of Defendant's Answer is attached hereto as Exhibit A. Should the Court grant the instant Motion, Defendants respectfully request that the attached Answer be filed with Court.

Wherefore, Defendants respectfully request that this Court grant this Motion for Leave to File an Out of Time Answer to Plaintiff's Complaint.

This 21st day of July, 2005.

Respectfully submitted,
THE DEFENDANTS

BY:

/s/ M. G. Monnolly
Michael G. Monnolly
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7816
Federal Bar No.: ct24620

- 2 -

ATL01/11991537v1

```
        CHARLES F. CORCORAN, III
FOR:   Carmody & Torrance LLP
        195 Church Street, P.O. Box 1950
        New Haven, CT 06509-1950
        (203) 777-5501
        Federal Bar No.: ct04299
```

ATL01/11991537v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing CONSENT MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME upon Plaintiff's counsel by depositing a true and correct copy of same in the United States mail with adequate postage thereon and addressed as follows:

> Lawrence H. Lissitzyn
> Reid and Riege, P.C.
> One State Street
> Hartford, CT 06103

This 21st day of June, 2005.

_____
Michael G. Monnolly, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GILBERT E. LINDER,** | : | CIVIL ACTION NO. |
| | : | 02-CV-1956 (JGM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **BYK-CHEMIE USA, INC., in its** | : | |
| **Capacity as Plan Sponsor of the** | : | |
| **RETIREMENT PLAN OF BYK-CHEMIE** | : | |
| **USA INC., and the SUPPLEMENTAL** | : | |
| **RETIREMENT PLAN OF BYK-** | : | |
| **CHEMIE USA INC.,** | : | |
| | : | |
| Defendants. | : | DATE: _____, 2005 |

## ORDER

Upon motion and good cause having been shown, Defendants' Motion for Leave to File Out of Time Answer to Plaintiff's Complaint is hereby granted.

Dated at New Haven, Connecticut, this ___ of _____, 2005

SO ORDERED.

_____
JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

ATL01/11991537v1

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILBERT E. LINDER, | : CIVIL ACTION NO. |
| | : 02-CV-1956 (JGM) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BYK-CHEMIE USA, INC., in its | : |
| Capacity as Plan Sponsor of the | : |
| RETIREMENT PLAN OF BYK-CHEMIE | : |
| USA INC., and the SUPPLEMENTAL | : |
| RETIREMENT PLAN OF BYK- | : |
| CHEMIE USA INC., | : |
| | : |
| Defendants. | : |

## ANSWER

Defendants BYK-Chemie USA, Inc. and the Supplemental Retirement Plan of BYK-Chemie USA Inc. ("Defendants") by their undersigned counsel, hereby submit the following Answer in response to Plaintiff's Complaint. The numbered paragraphs of this Answer correspond to those of the Complaint.

## FIRST DEFENSE

Defendants respond to the numbered and unnumbered paragraphs of the Complaint as follows:

In response to the allegations contained in the first sentence of the unnumbered paragraph entitled "summary" Defendant BYK-Chemie admits that Plaintiff is seeking to recover benefits under two pension plans, which Defendant BYK-Chemie sponsors. The remaining allegations contained in this paragraph are denied.

1.

The allegations of Paragraph 1 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

2.

The Retirement Plan of BYK-Chemie USA Inc. (the "Pension Plan") is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in Paragraph 2 is denied.

3.

The allegations contained in the first sentence of Paragraph 3 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied. The Supplemental Retirement Plan of BYK-Chemie USA Inc. (the "SERP") is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof contained in the second sentence of Paragraph 3 is denied.

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 4, and therefore deny the same. The allegations contained in the second sentence of Paragraph 4 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

5.

Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.

The allegations contained in the Paragraph 6 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

7.

Defendants admit that the Pension Plan and the SERP are administered by the Administrative Committee, as defined in the respective Plan documents. Defendants deny that such Plans reference Article IX(a).

8.

The allegations contained in the Paragraph 8 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

9.

The allegations contained in the Paragraph 9 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied. By way of further information, Defendants show that Defendant BYK-Chemie is not an ERISA fiduciary by virtue of its position as plan sponsor.

10.

The allegations contained in the Paragraph 10 are admitted.

11.

The allegations contained in the Paragraph 11 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

12.

Defendants admit that Plaintiff commenced employment with Defendant BYK-Chemie on May 11, 1981, but deny that Plaintiff acted as vice president-finance during the entire course of his employment.

13.

Defendants deny that Plaintiff was terminated on September 13, 2001. By way of further information, Defendants show that Plaintiff voluntarily took early retirement, effective January 31, 2002, in connection with a corporate restructuring.

14.

Defendants admit that Plaintiff entered into a severance agreement in connection with the cessation of his employment. With respect to the remaining allegations, Defendants state that severance agreement is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof contained Paragraph 14 is denied.

15.

Defendants admit that the Company sent a letter to Plaintiff on May 8, 2002, but show that such letter is a document in writing that speaks for itself. Therefore the inaccurate and incomplete characterization thereof contained Paragraph 15 is denied.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore deny the same.

17.

Defendants admit that they received a letter from Plaintiff dated May 29, 2002, but show that such letter is a document in writing that speaks for itself. Therefore the inaccurate and incomplete characterization thereof contained Paragraph 17 is denied.

18.

Defendants admit that they sent a certified letter to Plaintiff on June 13, 2002, but show that such letter is a document in writing that speaks for itself. Therefore the inaccurate and incomplete characterization thereof contained Paragraph 18 is denied.

19.

Defendants admit that they received a letter from Plaintiff's attorney dated June 27, 2002, but show that such letter is a document in writing that speaks for itself. Therefore the inaccurate and incomplete characterization thereof contained Paragraph 19 is denied.

20.

The allegations contained in the Paragraph 9 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

21.

Defendants deny the allegations contained in Paragraph 21. By way of further information, Defendants show that their counsel sent Plaintiff's counsel a letter dated June 27, 2002, which advised Plaintiff that his initial claim was being considered by the Administrative Committee, provided Plaintiff with an opportunity to submit additional information in connection with his initial claim and provided Plaintiff with a copy of the Pension Plan's claims review procedures.

22.

The allegations contained in Paragraph 22 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

23.

The allegations contained in Paragraph 23 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

24.

The Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in Paragraph 24 is denied.

25.

The Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in Paragraph 25 is denied.

26.

The Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in Paragraph 26 is denied.

27.

The allegations contained in the Paragraph 27 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

28.

ATL01/11348051v1

Defendants admit the allegations contained in Paragraph 28.

29.

Defendants deny the allegations contained in Paragraph 29 and show that gains realized from the exercise of stock options are not included, by design or implication, in the Pension Plan's definition of "Compensation".

30.

The Pension Plan, and W-2s issued by Defendant BYK-Chemie, are a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in Paragraph 30 is denied. Defendants deny the remaining allegations contained in Paragraph 30.

31.

Defendants deny the allegations contained in Paragraph 31.

32.

The Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in Paragraph 32 is denied.

33.

The Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in the first sentence of Paragraph 33 is denied. Defendants deny the remaining allegations contained in Paragraph 33.

34.

The BYK-Mallinckrodt Money Purchase Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in the first sentence of Paragraph 34 is denied. Defendants deny the allegations contained in the second

sentence of Paragraph 34 and show that gains realized from the exercise of stock options are not included, by design or implication, in the Pension Plan's definition of "Compensation".

35.

The Pension Plan is a series of documents in writing that speak for themselves, therefore the inaccurate and incomplete characterization thereof in the first sentence of Paragraph 35 is denied. Defendants deny the remaining allegations contained in Paragraph 35 and show that gains realized from the exercise of stock options are not included, by design or implication, in the Pension Plan's definition of "Compensation".

36.

Defendants' responses to Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

37.

Defendants deny the allegations contained in Paragraph 37.

38.

Defendants' responses to Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

39.

Defendants deny the allegations contained in Paragraph 39.

Defendants deny that Plaintiff is entitled to any relief, recovery, damages, awards, disgorgement, punitive damages, interest or declarations in any form or amount as set forth in Plaintiffs' prayer for relief.

All allegations not specifically admitted or denied herein are denied.

## SECOND DEFENSE

Plaintiff's Complaint, and each Count and claim therein, fails to state a claim in whole or in part upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred by the specific terms of the governing Plan documents.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or release.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**WHEREFORE**, Defendants request the Court to enter judgment:

(a) Dismissing Plaintiff's Complaint in its entirely;

(b) Awarding Defendants their cost and reasonable attorneys' fees incurred in defending this matter; and

(c) Awarding Defendants such further relief as the Court deems appropriate.

Respectfully submitted,
THE DEFENDANTS

BY: *M.B. Monnolly*
Michael G. Monnolly
FOR: Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7497
Federal Bar No.: ct24620

          CHARLES F. CORCORAN, III
FOR:   Carmody & Torrance LLP
          195 Church Street, P.O. Box 1950
          New Haven, CT 06509-1950
          (203) 777-5501
          Federal Bar No.: ct04299

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ANSWER TO PLAINTIFF'S COMPLAINT upon Plaintiff's counsel by depositing a true and correct copy of same in the United States mail with adequate postage thereon and addressed as follows:

        Lawrence H. Lissitzyn
        Reid and Riege, P.C.
        One State Street
        Hartford, CT 06103

This 21st day of July, 2005.

                                _____
                                Michael G. Monnolly, Esq.