UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GILBERT E. LINDER, | : | CIVIL ACTION |
| | : | NO. 02-CV-1956 (JGM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BYK-CHEMIE USA, INC., in its Capacity as Plan Sponsor of the RETIREMENT PLAN OF BYK-CHEMIE USA INC., and the SUPPLEMENTAL RETIREMENT PLAN OF BYK-CHEMIE USA INC., | : | |
| | : | |
| Defendants. | : | November 8, 2005 |

**LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF
DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)1, Defendants BYK-Chemie USA, Inc. and the Supplemental Retirement Plan of BYK-Chemie USA Inc. respectfully submit this statement of each material fact as to which Defendants contend there is no genuine issue to be tried:

1.  Plaintiff was a member of the BYK-Chemie Retirement Plan (the "Retirement Plan") Administrative Committee, which is the three member fiduciary body which has the primary responsibility for administering the Retirement Plan. (Defendants' Appendix ("DApx") Tab 2, at pp. 12-13.)

2.  Plaintiff was a participant in the Retirement Plan and the BYK-Chemie USA Inc. Supplemental Retirement Plan ("SERP"). (Complaint at ¶ 4.)

3. Plaintiff was provided a copy of the Agreement & Release in early March 2002, under which Plaintiff had 45 days to review the terms of the release and 7 days after executing the release to revoke his election. (DApx Tab 16 ¶ 3, Ex. C at ¶ 10.)

4. Plaintiff signed the Agreement & Release on or about March 28, 2002. (DApx Tab 16 Ex. C at p. 00080.)

5. Prior to signing the Agreement & Release, Plaintiff was aware that the issue of whether income derived from the exercise of stock options under the Altana Stock Option Plan (the "SOP") was included in the definition of "Compensation" under the Retirement Plan of BYK-Chemie USA Inc. ("Retirement Plan") and the definition of "Compensation" under the Supplemental Employee Retirement Plan ("SERP") was unresolved. (DApx Tab 15 at ¶¶ 5-6 and Ex. A; Tab 11; Tab 12; Tab 2 at pp. 41-42.)

6. Two weeks before he signed the Agreement & Release, Plaintiff was specifically advised that the income derived from exercising his stock options in 2001 was not going to be included in his pension calculation. (DApx Tab 16, Ex. B.)

7. Plaintiff received consideration in exchange for releasing his claims against Defendants, which exceeded the value of the benefits he claims in this lawsuit. (DApx Tab 20; Tab 16, Ex. C at ¶ 3; Tab 2 at p. 22.)

8. As a fiduciary under the Retirement Plan, Plaintiff suffered from a conflict of interest which precluded him from participating in any determination or decision that in any way impacted or affected his entitlement to benefits under the Retirement Plan. (DApx Tab 3 at § 9.1.2; Tab 2 at p. 34; Tab 12).

9. Mr. Arthur Dulik suffered from an identical conflict of interest that precluded him from participating in any determination regarding whether income derived form the exercise of stock options was included in the definition of Compensation under the Retirement Plan or the SERP, because he also held stock options and was a participant in a defined benefit plan with identical terms. (DApx Tab 13 at ¶ 3; Tab 2 at pp. 40-41.)

10. The settlor of the Retirement Plan and the SERP never intended that income derived from the exercise of stock options under the SOP be included in the definition of compensation under the Retirement Plan or the SERP. (DApx Tab 4 at ¶ 5; Tab 8.)

11. The Retirement Plan's actuaries did not take into account the income that participants may have received from exercising stock options under the SOP in determining the Company's funding obligations under the Retirement Plan. (DApx Tab 14 at ¶ 7.)

12. The cost of providing stock options under the SOP constitutes an expense by the Employer for an employee benefit plan because upon exercising such options the Company incurs an expense and a charge against earnings that is equal to the value of the options exercised. (DApx Tab 1 at pp. F-22 – F 29.)

13. The Retirement Plan provides for benefit accruals based upon an employee's compensation and years of service with BYK-Chemie and benefits are intended to accrue ratably over an employee's working career. (DApx Tab 3 at § 5.1; Tab 4 at ¶ 3.)

14. The SERP provides the exact same benefits as are provided under the Retirement Plan, calculated in the same way, except the SERP benefits are not subject to the compensation limits under the tax laws. (DApx Tab 4 at ¶ 4; Tab 7.)

15. The SERP provides that the term "'Compensation' shall (except as modified below) have the same meaning given such term in the Pension Plan." (DApx Tab 6 at § 2.03).

Respectfully submitted on November 8, 2005,

THE DEFENDANTS,

BY:    /s/ _____
        CHARLES F. CORCORAN, III
FOR: Carmody & Torrance LLP
        195 Church Street, P.O. Box 1950
        New Haven, CT 06509-1950
        (203) 777-5501
        Federal Bar No. ct04299

        Gregory C. Braden
        Michael G. Monnolly
        Alston & Bird LLP
        1201 West Peachtree Street
        Atlanta, GA 30309
        (404) 881-7000

- 5 -

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on November 8, 2005, to:

Lawrence H. Lissitzyn, Esq. , Dominic Fulco, III
Todd S. Federico, Robert B. Huff
Reid and Riege PC
One Financial Plaza
755 Main Street
Hartford, CT  06103-3185

                                              /s/_____
                                              Charles F. Corcoran, III

ATL01/12058545v1