# TAB 3

**Part 1 of 3**

# RETIREMENT PLAN OF

# BYK-CHEMIE USA INC.

(amended and restated effective January 1, 2001)

# TABLE OF CONTENTS

PAGE

**ARTICLE I. DEFINITIONS** .......... 2

1.1 Accrued Benefit .......... 2
1.2 Actuarial Value .......... 2
1.3 Actuary .......... 2
1.4 Administrative Committee .......... 2
1.5 Affiliate .......... 2
1.6 Break in Service .......... 2
1.7 Code .......... 2
1.8 Committee .......... 2
1.9 Company .......... 2
1.10 Compensation .......... 2
1.11 Covered Compensation .......... 3
1.12 Disability .......... 3
1.13 Eligible Employee .......... 3
1.14 Employer .......... 4
1.15 ERISA .......... 4
1.16 Final Average Compensation .......... 4
1.17 Highly Compensated Employee .......... 5
1.18 Hour of Service .......... 5
1.19 Insurer .......... 5
1.20 Investment Manager .......... 5
1.21 Normal Retirement Age .......... 6
1.22 Normal Retirement Date .......... 6
1.23 Participant .......... 6
1.24 Pension Commencement Date .......... 6
1.25 Plan .......... 6
1.26 Plan Year .......... 6
1.27 Qualified Election .......... 6
1.28 Retirement Pension .......... 6
1.29 Spouse or Surviving Spouse .......... 6
1.30 Termination of Employment .......... 6
1.31 Trust .......... 7
1.32 Trust Agreement .......... 7
1.33 Trustees .......... 7
1.34 Trust Fund .......... 7
1.35 USERRA .......... 7
1.36 Year of Service .......... 7
1.37 Year of Credited Service .......... 7

**ARTICLE II. PARTICIPATION** .......... 7

2.1 Participation Continued .......... 7
2.2 New Participants .......... 8
2.3 Participation Following a Break in Service .......... 9

2.4 Participation Automatic ....9
2.5 Determination of Eligibility ....9
2.6 Transfer to Ineligible Employment ....9
2.7 Transfer from Ineligible Employment ....9
2.8 Right of Discharge Reserved ....9

**ARTICLE III. CONTRIBUTIONS** ....9

3.1 Amount ....9
3.2 Time of Payment ....10
3.3 Contributions Conditioned on Initial Qualification and Deductibility ....10

**ARTICLE IV. SERVICE** ....10

4.1 Outline and Definitions ....10
4.2 Break in Service ....11
4.3 Service with Predecessors, Affiliates, or as an Ineligible Employee ....12
4.4 Controlled Group Employment, etc ....13
4.5 Nonduplication ....13

**ARTICLE V. RETIREMENT PENSIONS** ....13

5.1 Normal Retirement Pension ....13
5.2 Postponed Retirement Pension ....15
5.3 Vested Retirement Pension ....15
5.4 Disability Retirement Pension ....16

**ARTICLE VI. BENEFITS UPON DEATH BEFORE PENSION COMMENCEMENT** ....17

6.1 Automatic Spouse's Death Benefit ....17
6.2 Plan Death Benefits ....17

**ARTICLE VII. METHOD OF PAYMENT** ....18

7.1 Normal Form of Benefit ....18
7.2 Automatic Post-Retirement Joint and Surviving Spouse Annuity ....18
7.3 Annuity with Period Certain ....19
7.4 100% Joint and Surviving Spouse Annuity Option ....21
7.5 Suspension, Redetermination and Form of Payments upon Reemployment ....21
7.6 Small Benefits ....22
7.7 Time of Commencement of Benefits ....22
7.8 Qualified Domestic Relations Orders ....23

**ARTICLE VIII. FORFEITURES; NONDUPLICATION OF BENEFITS** ....24

8.1 Forfeitures to Reduce Plan Costs ....24
8.2 Nonduplication of Benefits ....24

**ARTICLE IX. ADMINISTRATION** ....25

9.1 Appointment of Committees ....25
9.2 Powers and Authority; Action Conclusive ....25
9.3 Liability Limited and Indemnification ....27
9.4 Quorum and Voting; Procedures ....27

9.5 Subcommittees, Counsel and Agents ........ 27
9.6 Reliance on Information ........ 27
9.7 Instructions to Trustee ........ 28
9.8 Genuineness of Documents ........ 28
9.9 Proper Proof ........ 28
9.10 Claims Procedure ........ 28

**ARTICLE X. TRUST FUND** ........ 30

10.1 Trust Agreement ........ 30
10.2 Investment in Interest Bearing Deposits ........ 30
10.3 Investment Manager ........ 30
10.4 Trustee Obligations ........ 30

**ARTICLE XI. AMENDMENT OR MERGER** ........ 30

11.1 Right Reserved ........ 30
11.2 Amendments Required for Qualification ........ 31
11.3 Merger ........ 31

**ARTICLE XII. TERMINATION OF THE PLAN** ........ 31

12.1 Rights Reserved ........ 31
12.2 Vesting Upon Termination ........ 31
12.3 Priority of Distribution on Termination ........ 31
12.4 Method of Payment ........ 32
12.5 Determination by Committee ........ 32
12.6 Return of Actuarial Excess ........ 32
12.7 Expenses of Termination ........ 33
12.8 Discontinuance of Participation ........ 33

**ARTICLE XIII. MISCELLANEOUS** ........ 33

13.1 Payment to a Minor or Incompetent ........ 33
13.2 Doubt as to Right to Payment ........ 34
13.3 Spendthrift Clause ........ 34
13.4 Benefits Payable Only from Trust Fund ........ 35
13.5 Estoppel of Participants and their Beneficiaries ........ 35
13.6 Plan to be Available for Inspection ........ 35
13.7 No Diversion of Trust Fund ........ 35
13.8 Limitation of Liability ........ 36
13.9 Simultaneous Death ........ 36
13.10 Inability to Locate Distributee ........ 36
13.11 Construction ........ 36
13.12 Usage ........ 36
13.13 Governing Law ........ 36
13.14 Separability ........ 37
13.15 Captions ........ 37
13.16 Name ........ 37
13.17 Military Service ........ 37

**ARTICLE XIV. LIMITATION ON ANNUAL BENEFITS** ........ 37

14.1 Purpose and Definitions ....................37
14.2 Limitation on Annual Benefits ....................39
14.3 Adjustments for Early or Late Payment ....................40
14.4 Conditional Exemption for Pensions Under $10,000 ....................40
14.5 Participants with Fewer Than Ten Years of Service ....................40
14.6 Participants with Fewer Than Ten Years of Participation ....................41
14.7 Benefits Payable Under More Than One Defined Benefit Plan ....................41
14.8 Participation in Defined Contribution Plan ....................41
14.9 Limitation Year ....................43
14.10 Protection of Current Accrued Benefit ....................43
14.11 Effective Date ....................43

**ARTICLE XV. LIMITATION ON BENEFITS PAYABLE ON EARLY TERMINATION OF PLAN** ....................43

15.1 In General ....................43
15.2 Limitations on Benefits ....................43

**ARTICLE XVI. LEASED EMPLOYEES** ....................44

16.1 Definitions ....................44
16.2 Treatment of Leased Employees ....................44
16.3 Exception for Employees Covered by Plans of Leasing Organization ....................44
16.4 Construction ....................45

**ARTICLE XVII. "TOP-HEAVY" PROVISIONS** ....................45

17.1 Plans Included in Determination of "Top-Heavy" Status ....................45
17.2 Key Employee ....................45
17.3 Top-Heavy\ Test ....................46
17.4 Determination Dates ....................46
17.5 Valuation ....................46
17.6 Distribution Within Five Years ....................47
17.7 No Service Within Five Years ....................47
17.8 Rollovers, etc ....................47
17.9 Compliance With Code Section 416 ....................47
17.10 Provisions Applicable in "Top-Heavy" Years ....................47
17.11 Represented Employees ....................48

**ARTICLE XVIII. DIRECT ROLLOVER** ....................48

18.1 General ....................48
18.2 Applicable Definitions ....................48

Exhibit A Actuarial Assumptions

BYK 00096

**RETIREMENT PLAN OF**

**BYK-CHEMIE USA INC.**

The Retirement Plan of BYK-Chemie USA Inc. was established as of January 1, 1984 for the purpose of providing retirement income for eligible employees and related benefits for certain of their beneficiaries. The Retirement Plan of BYK-Chemie USA Inc. (formerly the Retirement Plan of BYK-Chemie USA Inc.) (hereinafter the "Plan") is hereby amended and restated effective as of January 1, 1994, to incorporate all prior amendments and to ensure that the Plan continues to satisfy the qualification requirements under Part I, Subchapter D of Chapter 1 of Subtitle A of the Internal Revenue Code. Those provisions added or amended to comply with the Tax Reform Act of 1986, as well as prior amendments to the Plan, which are required to be effective as of a date earlier than January 1, 1994, were effective as such earlier date.

The Plan has been further amended January 1, 2001 to comply with the Retirement Protection Act of 1994 ("GATT"), the Uniformed Services Employment and Reemployment Rights Act, the Small Business Job Protection Act of 1996 ("SBJPA"), the Taxpayer Relief Act of 1997 ("TRA"), the Internal Revenue Service Restructuring and Reform Act of 1998 ("RRA"), and the Community Renewal Tax Relief Act of 2000, as set forth therein ("GUST"). The Plan was again amended and restated as set forth herein as of January 1, 2001, effective on various dates to incorporate all prior amendments since its restatement as of January 1, 1994.

# ARTICLE I.

## DEFINITIONS

The following terms, when used in this Plan, shall have the designated meaning, unless a different meaning is clearly required by the context:

1.1. **Accrued Benefit.** Accrued Benefit means a benefit payable at the Normal Retirement Date calculated as set forth in Sections 5.1.1 and 5.1.2 as applicable.

1.2. **Actuarial Value.** Determinations under this Plan of "actuarial equivalents", "actuarial reductions", "actuarial value", and the like, shall be made by the Committee upon advice of the Actuary, based upon the actuarial assumptions set forth in Exhibit A hereto, unless otherwise specified in the Plan.

1.3. **Actuary**. The actuary retained by the Committee for purposes of the Plan.

1.4. **Administrative Committee.** The committee constituted pursuant to Article IX (a) to administer the Plan and (b) as named fiduciaries with respect to the control or management of the assets of the Plan.

1.5. **Affiliate.** Any trade or business (other than an Employer), whether or not incorporated, which at the time of reference controls, is controlled by, or is under common control with an Employer within the meaning of sections 414(b) or 414(c) of the Code and, in addition, any (a) member of an affiliated service group, within the meaning of section 414(m) of the Code, that includes an Employer, or (b) organization aggregated with an Employer pursuant to section 414(o) of the Code, but only to the extent and for the purposes required by such sections.

1.6. **Break in Service.** A period which may cause the loss of benefits, Service, and eligibility to participate, as described in Article IV.

1.7. **Code.** The Internal Revenue Code of 1986, as from time to time amended. Reference to a specific provision of the Code shall include such provision, any valid regulation or ruling promulgated thereunder and any comparable provision of future law that amends, supplements or supersedes such provision.

1.8. **Committee**. The Administrative Committee.

1.9. **Company.** Byk-Chemie USA Inc., any predecessor thereof, and any corporation, partnership, association or other entity which succeeds to the assets and business thereof.

1.10. **Compensation.** Means the regular remuneration actually paid or accrued by the Employer to or for the benefit of an employee during the period of reference, including, under rules uniformly applicable to all employees similarly situated, any bonuses and pay for overtime or special pay, and excluding the Employer's cost for any public or private employee benefit plan, including the Plan; provided, however, that any compensation which is deferred by

an employee pursuant to a plan or arrangement qualified under sections 125, 401(k), 402(a)(8), 402(h) or 403(b) of the Code (and effective January 1, 2001, compensation excluded from gross income by reason of Section 134(f)(4) of the Code) shall be regarded as Compensation for purposes of this Plan. Compensation shall not include the value of any fringe benefits provided by the Employer, including, but not limited to, auto allowances and group term life insurance. For Plan Years commencing on or after January 1, 1989 and prior to January 1, 1994, Compensation in excess of $200,000 shall be disregarded; provided, however, that such limitation shall be adjusted at the same time and in such manner as permitted under section 415(d) of the Code. For Plan Years beginning on or after January 1, 1994, an employee's Compensation shall not exceed $150,000, as adjusted for cost-of-living increases in accordance with section 401(a)(17)(B) of the Code. The Cost-of-living adjustment in effect for a calendar year shall apply to any determination period beginning in such calendar year. The applicable annual compensation limit hereunder for a determination period of less than twelve (12) months shall be an amount equal to the otherwise applicable annual compensation limit multiplied by a fraction, the numerator of which is the number of months in the short determination period, and the denominator of which is twelve (12).

Effective for Plan Years ending prior to January 1, 1997, in determining the Compensation of a Participant for purposes of the limitations described above, the rules of section 414(g)(6) of the Code shall apply, except that in applying such rules, the term "family" shall include only the Spouse of the Participant and any lineal descendants of the Participant who have not attained age 19 before the close of the Plan Year.

If, as a result of the application of the rules of section 414(g)(6) of the Code, the adjusted limitation is exceeded, then (except for purposes of determining a Participant's Covered Compensation) the limitation shall be prorated among the affected individuals in proportion to each such individual's compensation as determined under this Section prior to the application of this limitation.

**1.11. Covered Compensation.** Means for each Participant the average of the contribution and benefit bases in effect under section 230 of the Social Security Act for each year in the thirty-five (35) year period ending within the year in which the Participant attains the Social Security Retirement Age. The determination for any Plan Year preceding the year in which the Participant attains the Social Security Retirement Age shall be made by assuming that there is no increase in the bases described herein after the beginning of the Plan Year and before the Participant attains the Social Security Retirement Age. Social Security Retirement Age shall mean the age used as the retirement age under section 216(1) of the Social Security Act, except that such section shall be applied without regard to the age increase factor and as if the early retirement age under section 216(1)(2) of the Social Security Act were sixty-two (62).

**1.12. Disability.** Any physical or mental condition which is expected to be permanent and which renders the Participant incapable of continuing as an Eligible Employee, as determined by the Committee on the basis of medical evidence satisfactory to it.

**1.13. Eligible Employee.** Any individual employed by the Employer in the BYK-Chemie USA Inc. Division, subject to the following:

1.13.1. An Employer may, in its discretion, determine that employees employed in a specified division, subdivision, plant, location or job classification of such Employer shall not be Eligible Employees, provided that any such determination shall not discriminate in favor of Highly Compensated Employees so as to prevent the Plan from qualifying under section 401(a) of the Code

1.13.2. If an employee is employed primarily to render services within the jurisdiction of a union and his compensation, hours of work, or conditions of employment are determined by collective bargaining with such union, he shall not be an Eligible Employee unless the applicable collective bargaining agreement expressly provides that he shall be eligible to participate in this Plan, in which event he shall be entitled to participate in this Plan only to the extent and on the terms and conditions specified in such collective bargaining agreement;

1.13.3. An employee shall not be an Eligible Employee if he is a nonresident alien who receives no earned income (within the meaning of section 911(d) of the Code) from the Employer which constitutes income from sources within the United States (within the meaning of section 861(a)(3) of the Code).

1.13.4. An employee shall be considered to be "employed by the Employer" only if such individual is employed by the Employer on a salaried, hourly, piecework or commissioned basis. For purposes of determining who is "employed by the Employer," individuals who initially are not classified by the Employer as employees under Code Section 3121(d) (including, but not limited to, individuals classified by the Company as independent contractors and non-employee consultants), and individuals who initially are classified by the Employer as employees of any other entity other than the Employer or an Affiliate, are not in any case "employed by the Employer" and are ineligible for benefits under the Plan, even if the classification by the Employer is later determined to be erroneous or is retroactively revised. In the event the classification of an individual who is not "employed by the Employer" under the preceding sentence is determined to be erroneous or is retroactively revised, the individual shall nonetheless continue to be treated as not "employed by the Employer" and shall be ineligible for benefits prior to the date the Employer determines its classification of the individual was erroneous or should be revised.

**1.14. Employer**. The Company, and any other corporation, partnership or other entity which has adopted the Plan with the approval of the Company.

**1.15. ERISA.** The Employee Retirement Income Security Act of 1974, as from time to time amended. Reference to a specific provision of ERISA shall include such provision, any valid regulation or ruling promulgated thereunder and any comparable provision of future law that amends, supplements or supersedes such provision.

**1.16. Final Average Compensation.** The average annual Compensation of a Participant over the sixty (60) consecutive calendar months of Plan participation within the one hundred and twenty (120) calendar month period immediately preceding the Participant's

Normal Retirement Date during which he received the largest total amount of Compensation selected from all months in which he has received Compensation so as to provide the highest average; provided that in the event the Participant shall not have received Compensation in any sixty (60) consecutive months of Plan participation as above described, his average annual Compensation during the entire period for which he has received Compensation shall be deemed his Final Average Compensation.

**1.17. Highly Compensated Employee.** Means, for Plan Years beginning before January 1, 1997, a "highly compensated employee" as defined in section 414(q) of the Code and applicable regulations. Means, for Plan Years beginning after December 31, 1996, an individual who is employed by the Company and who (i) was a "five percent owner" (within the meaning of Section 416(i)(1) of the Code) at any time during the Determination Year or the Look-Back, and (ii) received **compensation** from the Company in excess of $80,000 (as adjusted pursuant to Sections 414(q)(1) and 415(d) of the Code) during the Look-back Year. With respect to this Section 1.17, the following shall apply:

1.17.1. "Determination Year" means the Plan Year with respect to which the determination of an individual's status as a "highly compensated employee" or a "nonhighly compensated employee" is being made.

1.17.2. "Look-back Year" means the period of twelve (12) consecutive months immediately preceding the Determination Year.

1.17.3. In determining whether an individual is a Highly Compensated Employee for the 1997 Plan Year, all of the provisions in this Section 1.17 other than the first sentence thereof shall be considered as having been in effect for the 1996 Plan Year.

**1.18. Hour of Service.** An hour of paid working or nonworking time to be taken into account for purposes of making certain service determinations under the Plan, as more fully set forth in Section 4.1.2.

**1.19. Insurer.** A legal reserve life insurance company which is the issuer of any annuity contract or other policy or contract purchased by the Trustee pursuant to the Plan.

**1.20. Investment Manager.** Shall mean any fiduciary (other than a Trustee or named fiduciary as specified in Section 13.1) who:

(a) has the power to manage, acquire, or dispose of any asset of the Plan;

(b) is (i) registered as an investment advisor under the Investment Advisers Act of 1940; (ii) a bank, as defined in that Act; or (iii) an insurance company qualified to perform services described in subsection (a) above under the laws of more than one state; and

(c) has acknowledged in writing that he is a fiduciary with respect to the Plan.

1.21. **Normal Retirement Age**. Normal Retirement Age means the later of (a) the date on which the Participant attains age sixty-five (65) or (b) the fifth (5th) anniversary of the date the Participant first commenced participation in the Plan. Notwithstanding the foregoing, if a Participant who attained age sixty-five (65), on or before December 31, 1987, Normal Retirement Age for such Participants shall mean age sixty-five (65).

1.22. **Normal Retirement Date**. The first day of the month coincident with or next following a Participant's Normal Retirement Age.

1.23. **Participant**. Any present or former employee who has become a Participant in this Plan in accordance with Article II, and who continues to have vested rights or contingent rights to benefits under the Plan or whose Spouse or beneficiary has such rights. A nonvested former employee who has incurred a Break in Service shall not be a Participant under this Plan unless and until he subsequently qualifies as a Participant pursuant to Section 4.2.1.

1.24. **Pension Commencement Date**. The first day of the first period for which a Participant's Retirement Pension is paid as an annuity or any other form.

1.25. **Plan**. The Retirement Plan of BYK-Chemie USA INC..

1.26. **Plan Year**. The calendar year.

1.27. **Qualified Election**. A waiver of the automatic joint and surviving spouse annuity described in Section 7.2. The Participant's Spouse must consent to the waiver, and the waiver and consent must be in writing on a form prescribed by and filed with the Committee and shall specify both the optional form of benefit elected and the beneficiary (if a beneficiary is applicable to such optional form). The Spouse's consent must be witnessed by a notary public. Notwithstanding this consent requirement, if the Participant establishes to the satisfaction of the Committee or its delegate that such written consent cannot be obtained because the Spouse cannot be located, or because of such other circumstances as may be prescribed by applicable law, a waiver signed only by the Participant will be deemed a Qualified Election. Any consent necessary under this provision will be valid only with respect to the Spouse who signs the consent, or in the event of a Qualified Election described in the preceding sentence, the designated spouse. Revocation of a prior Qualified Election may be made by a Participant in writing without the consent of the Spouse at any time before the Participant's benefits commence. The number of revocations and Qualified Elections shall not be limited.

1.28. **Retirement Pension**. A benefit payable to a Participant under this Plan.

1.29. **Spouse or Surviving Spouse**. The spouse or surviving spouse of a Participant. To the extent provided under a Qualified Domestic Relations Order as defined in section 414(p) of the Code (or, for purposes of Section 7.2.3, whether or not so provided), the term "Spouse" or "Surviving Spouse" shall include a former spouse.

1.30. **Termination of Employment**. References in this Plan to a termination of employment, or to a Participant or employee who terminates employment or the like, shall mean an employee's ceasing to be employed by all Employers and Affiliates for any reason (including

quit, retirement or discharge) other than death, and other than by reason of a leave of absence approved in writing by an Employer or Affiliate.

**1.31. Trust.** The trust established by the Trust Agreement.

**1.32. Trust Agreement.** The trust agreement which at the time of reference governs the management of the Trust Fund, as more fully provided in Article X.

**1.33. Trustees.** The trustee or trustees from time to time in office pursuant to the Trust Agreement.

**1.34. Trust Fund.** The moneys and other properties from time to time held by the Trustee pursuant to this Plan.

**1.35. USERRA**. means the Veterans Reemployment Rights Act, as modified by the Uniformed Services Employment and Reemployment Rights Act .

**1.36. Year of Service.** Each Plan Year in which an employee has at least one thousand (1,000) Hours of Service. Such Year of Service shall be credited even if the employee was not employed at the beginning and/or end of the Plan Year. In calculating Years of Service, all service with Byk-Chemie USA Inc. (and any other entity while such entity is a member of (i) a controlled group of corporations as defined in section 414(b) of the Code, (ii) a group of trade or business, whether or not incorporated, under common control as defined in section 414(c) of the Code, or (iii) an affiliated service group as defined in section 414(m) of the Code with Byk-Chemie USA Inc.), including service prior to the effective date of the Plan, and all service with BYK-Mallinckrodt Chemische Produkte GmbH Ltd. - U.S. Marketing Division prior to June 26, 1981, shall be taken into account.

**1.37. Year of Credited Service.** The sum of all Plan Years beginning on or after January 1, 1984 during which a Participant is at any time an employee; provided however, that any Plan Year shall be disregarded (i) if it is disregarded pursuant to Section 4.2, or (ii) if the number of the individual's Hours of Service during the Plan Year is less than one thousand (1,000). For purposes of determining a Participant's Accrued Benefit in accordance with Article V of the Plan, a Participant shall receive, for the Plan Years in a Participant's commencement and termination of service, a fractional Year of Credited Service equal to 1/12 of a Year of Credited Service for each calendar month during which he completes one Hour of Service.

## ARTICLE II.

## PARTICIPATION

**2.1. Participation Continued.** Each individual who was a Participant in the Plan on December 31, 1987 shall continue as a Participant on January 1, 1988 if he is then employed as an Eligible Employee.

**2.2. New Participants.**

2.2.1. Subject to the further provisions of this Article II, each employee who has not previously become a Participant shall become a Participant on the January 1 on which he:

(a) has attained age twenty and one- half (20½);

(b) has completed a continuous six (6) month period of employment beginning on his date of hire; and

(c) is employed as an Eligible Employee.

For purposes of this Section 2.2, an Eligible Employee will be deemed to have completed a continuous six (6) month period of employment if he is in the employ of the Employer at anytime six (6) months after his employment commencement date. Employment commencement date shall be the first day that he is entitled to be credited with an Hour of Service for the performance of duty.

2.2.2. Effective January 1, 2001, an Eligible Employee shall become a Participant in accordance with the provisions of this Section 2.2.2, only if he completes at least one thousand (1,000) Hours of Service before the end of the twelve (12) consecutive month period immediately subsequent to the date on which he completes his first Hour of Service. Otherwise, he shall become a Participant on the January 1 following the first Plan Year during which he completes one thousand (1,000) Hours of Service and satisfies the requirements of Section 2.2.1(a) and (c). An Eligible Employee shall become a Participant on the January 1 or July 1 on or next following the date he satisfies the requirements in this Section 2.2.2, provided, however, that for the Plan Year beginning on January 1, 2001, an individual who satisfies the requirements of Section 2.2.1 shall become a Participant on the date specified in Section 2.2.1 if that date is earlier than the date such Participant would become a Participant after satisfying the requirements of this Section 2.2.2.

2.2.3. Any employee who had at least one (1) Hour of Service on or after January 1, 1988, who fulfilled the six (6) months of continuous employment requirement as of January 1, 1988, but who had been excluded from participation in the Plan because of the prior provisions of the Plan which excluded employees hired at or after age sixty (60), shall retroactively participate in the Plan as of January 1, 1988. Employees affected by this rule of retroactive Plan participation shall have their Years of Service commencing January 1, 1988 counted toward their Years of Credited Service.

An employee who meets the age and service requirements for participation in this Plan during a period of absence from employment shall, if he is an Eligible Employee upon termination of such absence, become a Participant on the January 1 following his return to active employment, subject to the Break in Service rules as set forth in Section 4.2 of the Plan.

**2.3.** **Participation Following a Break in Service**. See Section 4.2 for rules regarding participation following a Break in Service.

**2.4.** **Participation Automatic.** Each employee who has satisfied the requirements for participation shall become a Participant without further action on his part.

**2.5.** **Determination of Eligibility.** The eligibility of an employee to participate in the Plan shall be determined by the Committee from the records of his Employer in accordance with the applicable provisions of the Plan, and the determination of eligibility by the Committee shall be binding, final and conclusive.

**2.6.** **Transfer to Ineligible Employment.** If an Eligible Employee is transferred to employment with an Affiliate or a series of Affiliates, or to employment with an Employer other than as an Eligible Employee, he shall not be deemed to have terminated employment for purposes of this Plan unless and until such time as he is not employed by either an Employer or an Affiliate in any capacity, except that any Participant so transferred shall not be entitled to accrue any benefits under this Plan with respect to employment in a capacity other than as an Eligible Employee or with respect to remuneration paid on account of such other employment.

**2.7.** **Transfer from Ineligible Employment.** If an employee is transferred to employment as an Eligible Employee from employment with an Affiliate or from employment with an Employer other than as an Eligible Employee, he shall become a Participant on the first day of the month following the date of transfer on which he meets the age and service requirements of Section 2.2., taking such other employment into account.

Upon the retirement or other Termination of Employment of such transferred employee with the Employer, the employee's Accrued Benefit under this Plan shall be computed on the basis of his Years of Credited Service and remuneration while an Eligible Employee under this Plan only.

**2.8.** **Right of Discharge Reserved**. The establishment of the Plan shall not be construed to confer upon an employee or Participant any legal right to be retained in the employ of an Employer or give any employee, Spouse or beneficiary, or any other person, any right to any share of the Trust fund or payment whatsoever, except to the extent of the benefits provided for hereunder. All employees shall remain subject to discharge to the same extent as if the Plan had never been adopted, and may be treated without regard to the effect such treatment might have upon them under the Plan. Nothing in the Plan shall be deemed to be an agreement, consideration, inducement or condition of employment.

## ARTICLE III.

## CONTRIBUTIONS

**3.1.** **Amount.** Subject to Articles XI and XII, each Employer shall contribute and pay over to the Trustee, for each Plan Year, such sums as the Company, acting upon advice of the Actuary, shall in its sole discretion determine to be appropriate under the funding policy and method adopted for purposes of the Plan. Such contribution shall be not less than the

amount required in order to prevent an accumulated funding deficiency for such Plan Year under section 412 of the Code.

**3.2.** **Time of Payment.** To the extent any contribution is required under Section 3.1, in order to prevent an accumulated funding deficiency under section 412 of the Code with respect to a Plan Year, such contribution shall be made within two and one-half (2½) months after the close of such Plan Year or within such further time as may be permitted by law.

**3.3.** **Contributions Conditioned on Initial Qualification and Deductibility.** Notwithstanding any other provision of this Plan, each contribution by an Employer under this Article III is conditioned on:

3.3.1. Receipt of a favorable determination by the Internal Revenue Service with respect to the initial qualification of the Plan under section 401(a) of the Code with respect to such Employer; and

3.3.2. The deductibility of such contribution under section 404 of the Code.

## ARTICLE IV.

## SERVICE

**4.1.** **Outline and Definitions.** The purpose of this Article is to describe (a) the manner in which a Participant earns credit toward vesting and benefit accrual, and (b) certain circumstances under which he may lose credit previously accumulated. For all purposes of the Plan, the following terms shall have the designated meaning unless the context clearly requires a different meaning:

4.1.1. One-Year Break in Service. An employee shall have a One-Year Break in Service for each Plan Year in which he does not have more than five hundred (500) Hours of Service. Solely for purposes of determining whether a One-Year Break in Service has occurred in a Plan Year, an individual who is absent from work with an Employer or Affiliate for maternity or paternity reasons shall receive credit for the Hours of Service which would otherwise have been credited to such individual but for such absence, or in any case in which such hours cannot be determined, eight (8) Hours of Service per day of such absence. For purposes of this Section 4.1.1, an absence from work for maternity or paternity reasons means an absence beginning after the Plan Year ending in 1984 (i) by reason of the pregnancy of the individual, (ii) by reason of a birth of a child of the individual, (iii) by reason of the placement of a child with the individual in connection with the adoption of such child by such individual, or (iv) for purposes of caring for such child for a period beginning immediately following such birth or placement. The Hours of Service credited under this paragraph shall be credited only (i) in the Plan Year in which the absence begins if the crediting is necessary to prevent a One-Year Break in Service in that period, or (ii) in all other cases, in the following Plan Year.

4.1.2. Hour of Service. "Hour of Service" shall mean each of the following, applied without duplication:

(a) Each hour for which an employee is paid, or entitled to payment, for the performance of duties for an Employer or Affiliate. These hours shall be credited to the employee for the Plan Year or periods in which the duties are performed.

(b) Each hour for which an employee is paid, or is entitled to payment, by an Employer or Affiliate on account of a period of time during which no duties are performed (irrespective of whether the employment relationship has terminated) due to vacation, holiday, illness, incapacity (including disability), layoff, jury duty, military duty or leave of absence; provided, that no more than five hundred and one (501) such hours shall be credited for any single continuous period (whether or not such period occurs in a single Plan Year). Hours under this paragraph shall be calculated and credited pursuant to section 2530.200b-2(b) and (c) of the Department of Labor Regulations.

(c) Each hour for which back pay, irrespective of mitigation of damages, is either awarded or agreed to by an Employer or Affiliate. These hours shall be credited to the Plan Year or periods to which the award or agreement pertains rather than the computation period in which the award, agreement or payment is made.

(d) An employee shall also be credited with an Hour of Service with respect to each Hour of Service (within the meaning of Subsections (a) - (c)) with any of the following entities as follows:

(i) for purposes of eligibility and vesting, a business entity the business or assets of which were acquired by an Employer prior to the date such Employer adopted the Plan including service prior to the effective date of the Plan and all service with BYK-Mallinckrodt Chemische Produkte GmbH Ltd.-U.S. Marketing Division prior to June 26, 1981, shall be taken into account.

Hours of Service will also be credited (in accordance with the foregoing rules) for an individual considered an employee for purposes of this Plan under section 414(n) of the Code.

**4.2. Break in Service.** If an employee incurs a Break in Service, his Years of Service accrued in respect of all periods before such Break in Service shall be forfeited and disregarded for all purposes of the Plan, and he shall have no rights under the Plan (other than rights in which he was vested prior to such Break in Service), unless and until he shall be subsequently reemployed by an Employer. Upon reemployment:

4.2.1. Reinstatement or Commencement of Participation. Subject to Section 4.2.3 and 4.2.4, he shall be enrolled as a Participant upon his reemployment date (or if later, the first date thereafter on which he meets the requirements of Section 2.2);

4.2.2. Service Restoration. His Years of Service in respect of all periods before such Break in Service shall be restored to him unless disregarded under Section 4.2.3.

4.2.3. Service Cancellation: Nonvested Employees. If an employee has no vested rights under the Plan prior to a Break in Service, and if the length of such Break in Service equals or exceeds his Years of Service prior to such Break in Service, then his Years of Service in respect of all periods before such Break in Service shall thereafter be irrevocably forfeited and disregarded for all purposes of the Plan. Furthermore, he shall be treated as a newly hired employee for purposes of Article II. Notwithstanding the foregoing provisions of this Section 4.2.3, effective January 1, 1985, no such irrevocable forfeiture shall occur unless the Break in Service equals or exceeds the greater of (a) five (5) consecutive One-Year Breaks in Service or (b) his Service prior to such Break in Service; provided, that if as of December 31, 1984 an individual's Years of Service were cancelled (or would have been cancelled if he had returned to employment on such date) under the first sentence of this Section 4.2.3, the foregoing provisions of this sentence shall not require such service or benefits to be restored or otherwise taken into account under this Plan. The Years of Service prior to a Break in Service taken into account under the preceding provisions of this Section 4.2.3 shall exclude any period which may be disregarded by reason of a prior application of this Section 4.2.3 (or corresponding provisions of the Plan as previously in effect).

4.2.4. If a Participant does not complete one thousand (1,000) Hours of Service during the twelve (12) consecutive month period following his reemployment, then his participation for all purposes of this Plan shall not be considered to have been reinstated.

For an individual reemployed by the Company in the period during which his right to reemployment after the completion of qualified military service (as defined in Section 414(u)(5) of the Code) is protected by federal law, no Break in Service shall be deemed to have been incurred by reasons of such individual's period of qualified military service.

**4.3. Service with Predecessors, Affiliates, or as an Ineligible Employee**

4.3.1. In determining an employee's Hours of Service and Years of Service, employment with employers other than an Employer or Affiliate (including employment with a corporation or other entity which was not an Employer or Affiliate at the time of reference, but which later became such) shall not be taken into account except as otherwise provided in this Section 4.3.

4.3.2. In determining an employee's Hours of Service and Years of Service, employment with one or more predecessors of an Employer or Affiliate (including employment with a corporation or other entity which was not an

Employer or Affiliate at the time of reference, but which later became such) shall be treated as employment with or severance from an Employer or Affiliate to the extent required by law or to the extent determined by the Committee in its discretion exercised in a manner that does not discriminate in favor of Highly Compensated Employees.

4.3.3. In determining an employee's Compensation, remuneration paid by an Employer for services other than as an Eligible Employee, by an Affiliate, or by one or more predecessors of an Employer or Affiliate (including a corporation or other entity which was not an Employer or Affiliate at the time of reference, but which later became such) shall be treated as remuneration paid by an Employer for services as an Eligible Employee to the extent determined by the Committee in its discretion exercised in a manner that does not discriminate in favor of Highly Compensated Employees.

**4.4. Controlled Group Employment, etc** For purposes of determining whether an employee has met the service requirement for eligibility to participate, whether he is vested in Plan benefits, and whether his employment has terminated, his employment with an Affiliate or with an Employer other than as an Eligible Employee shall be taken into account as if it were employment with an Employer; provided, that no benefits shall accrue with respect to employment in a capacity other than as an Eligible Employee or with respect to remuneration paid on account of such employment.

**4.5. Nonduplication.** In no event shall there be any duplication of the Service of any employee attributable to the same period of time.

## ARTICLE V.

## RETIREMENT PENSIONS

**5.1. Normal Retirement Pension.** If a Participant's employment terminates as of his Normal Retirement Date (including any Termination of Employment on or after his Normal Retirement Age and prior to his Normal Retirement Date), he shall be entitled to a Normal Retirement Pension in a monthly amount equal to 1/12th the following:

5.1.1. For Participants Terminating Employment Prior to January 1, 1989. Each Participant who separated from service on or before December 31, 1988 shall have his Accrued Benefit determined and distributed in accordance with the terms of the Plan in effect on December 31, 1988.

5.1.2. For Participants Terminating Employment after January 1, 1989. The retirement benefit formula is the sum of (A) plus (B) multiplied by (C):

(A) 39.5% x Final Average Compensation up to Covered Compensation, plus

BYK 00109

(B) 58% x Final Average Compensation minus Covered Compensation, multiplied by

(C) A fraction, not to exceed one (1), the numerator of which is the Years of Credited Service an employee has accrued and the denominator of which is thirty (30) years;

The sum of (A) plus (B) is the mathematical equivalent of (Y) plus (Z):

(Y) 39.5% x Final Average Compensation, plus

(Z) 18.50% x Final Average Compensation minus Covered Compensation

Notwithstanding the above, the minimum accrued benefit will be the benefit accrued as of December 31, 1988.

5.1.3. Accrued Benefit of Section 401(a)(17) Employees. Notwithstanding any other provision of this Plan, each section 401(a)(17) Employee's Accrued Benefit under this Plan will be the greater of the Accrued Benefit determined for such Employee under (i) or (ii) below:

(i) The Employee's Accrued Benefit determined with respect to the benefit formula applicable for the Plan Year beginning on or after January 1, 1994, as applied to the Employee's total Years of Service taken into account under the Plan for the purposes of benefit accruals, or

(ii) The sum of:

(a) the Employee's Accrued Benefit as of the last day of the last Plan Year beginning before January 1, 1994, frozen in accordance with section 1.401(a)(4)-13 of the regulations, and

(b) the Employee's Accrued Benefit determined under the benefit formula applicable for the Plan Year beginning on or after January 1, 1994, as applied to the Employee's Years of Service for Plan Years beginning on or after January 1, 1994.

A "section 401(a)(17) Employee" means a Participant whose current Accrued Benefit as of a date on or after the first day of the first Plan Year beginning on or after January 1, 1994, is based on Compensation for a year beginning prior to the first day of the first Plan Year beginning on or after January 1, 1994, that exceeded $150,000.

5.1.4. Accrued Benefits Under USERRA. To the extent that the Employer is required to continue accruals under the Plan for any Participant in