# TAB 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILBERT E. LINDER,<br><br>      Plaintiff,<br><br>VS.<br><br>BYK-CHEMIE USA INC., in its capacity as Plan Sponsor of the RETIREMENT PLAN OF BYK-CHEMIE USA INC., and the SUPPLEMENTAL RETIREMENT PLAN OF BYK-CHEMIE USA INC.,<br><br>      Defendants. | CIVIL ACTION NO.<br>3:02cv1956 (JBA)<br><br><br><br>NOVEMBER 4th, 2005 |

### DECLARATION OF JOERG BAUER

I, Joerg Bauer, hereby declare and attest as follows:

I voluntarily and freely make this declaration of my own personal knowledge for use as evidence in support of Defendants' Motion for Summary Judgment in the above-styled action, and for any other use or purpose authorized by law. I am over the age of twenty-one years, am suffering from no legal disability, and am competent and authorized to make this declaration and to testify to the statements and facts contained herein.

2.

I am the Head of Human Ressources of Altana Chemie AG (the "Company"), which is a parent company of BYK-Chemie USA Inc. ("BYK-Chemie"). As the head of Human Resources, I am very familiar with the employee benefit plans that have been

ATL01/12071287v1

established for BYK-Chemie, including the BYK-Chemie Retirement Plan ("Retirement Plan") and the BYK-Chemie Supplemental Retirement Plan ("SERP") (collectively the "Plans").

3.

The Company established the Retirement Plan effective 1984, to provide retirement benefits to the employees of BYK-Chemie. The Retirement Plan is a defined benefit pension plan that is intended to reward employees who stay with the Company until retirement by providing a guaranteed annuity income to such employees when they reach retirement age. The guaranteed annuity is designed to replace after retirement a specified percentage of an employee's normal pay that is based on the employee's years of service with BYK-Chemie. The Retirement Plan provides for benefit accruals based upon an employee's compensation and years of service with BYK-Chemie and benefits are intended to accrue ratably over an employee's working career.

4.

The SERP was established on May 27, 1994 for the sole purpose of providing retirement benefits to employees who were eligible to receive retirement benefits under the Retirement Plan but who had their Retirement Plan benefits limited by the application of the U.S. Internal Revenue Code. The SERP provides, and was always intended to provide, the exact same benefits as are provided under the Retirement Plan, calculated in the same way, except the SERP benefits are not subject to tax law limitations.

5.

Neither the Retirement Plan nor the SERP include, nor were they ever intended to include, income from the exercise of stock options in the compensation used to determine

retirement benefits under these Plans. The receipt of stock option income is an unpredictable and contingent event that, depending on the performance of the stock, can vastly increase an employee's compensation. Including stock option income in the compensation used to determine benefits under the Retirement Plan and SERP would be inconsistent with the intent of these Plans because retirement benefits would become subject to unpredictable and artificial increases in compensation rather than replacing a percentage of an employee's average normal earnings. The Plans would also become subject to unpredictable and volatile funding practices, contrary to BYK-Chemie's intent.

6.

In early 2002 and in connection with Mr. Gilbert Linder's retirement from BYK-Chemie, counsel for the Plans contacted the Company to confirm that it did not intend to include income derived from the exercise of stock options under the Altana Stock Option Plan in the definition of "Compensation" under the Retirement Plan and the SERP. I confirmed to counsel that the Company did not intend to include income from the exercise of stock options in the definition of Compensation under the Retirement Plan or SERP.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on this 4th day of November, 2005.

_____
Joerg Bauer