# TAB 7

# ALTANA

**BYK GULDEN PHARMA GROUP**

Altana Inc.    60 Baylis Road, Melville, N.Y. 11747    516-454-7677    Fax: 516-454-6388

May 31, 1994

Mr. Bull
Byk Gulden Lomberg
Chemische Fabrik GmbH
Postfach 10 03 10
W-78403 Konstanz
Germany

Dear Mr. Bull:

During your meeting in March 1994 with Messrs: Rahmstorf, Hornig and Blob, Mr.
Blob explained that changes in the U.S. tax law effective January 1, 1994 severely
reduced retirements benefits of highly compensated individuals paid from qualified
retirement plans.  You agreed to the establishment of a non-qualified retirement plan
to restore these lost benefits.

Enclosed is a Unanimous Consent for the establishment of such a plan.  We are
sending this to you first since we don't believe Mr. Schweickart is informed of this
matter.  Please advise if you have any questions.

Regards,

A. Dulik                          B. Blob

AD/mm
Enclosure

bcc:  G. Cole
      W. Zinnert
      D. Pisano

I wanted you to be aware that this is being circulated in the
event you get any questions.

Art Dulik

**BYK 00336**

05/16/02  THU 15:55  [TX/RX NO 9039]

UNANIMOUS CONSENT OF DIRECTORS

TO CORPORATE ACTION OF

ALTANA INC.

In lieu of the annual meeting of the Board of Directors of Altana Inc. (the "Corporation"), the undersigned, being all of the Directors of the Corporation do hereby, pursuant to § 708(b) of the Business Corporation Law of the State of New York and Section 4.9 of the By-Laws of the Corporation, declare that the actions hereinafter set forth shall be and hereby are taken by the Board of Directors of the Corporation as of the date hereof:

1.  It is the Corporation's intention that the retirement benefits paid from the respective divisional pension plans be predicated on the actual, average final compensation of the employees. However, the United States has amended its regulations in Internal Revenue Code ("IRC") § 417 (e), effective January 1, 1994, to severely limit salary used to calculate benefits in qualified pension plans to a maximum of $150,000 in 1994, with minimal increases thereafter. Therefore, the Corporation will provide the differential benefits under a non-qualified pension plan to employees whose salary is in excess of the benefit calculation cap under IRC § 417 (e), such that those employees will receive a total retirement benefit from their respective qualified pension plans and a new non-qualified plan based on their actual final average compensation.

    *NOW, THEREFORE, BE IT RESOLVED,* that the divisions of the Corporation establish non-qualified deferred compensation plans with a benefit formula which matches that in their respective existing qualified plans, but which excludes the salary limitations of the IRC and which deducts the benefit paid by the applicable qualified plan; and

1

BYK 00337

*RESOLVED,* that the respective divisional officers are hereby authorized and directed to take such actions as may be necessary or desirable to effectuate the foregoing resolution.

*IN WITNESS WHEREOF,* we have executed this Unanimous Consent of Directors to Corporate Action as of the 27th day of May, 1994.

Klaus Schweickart, Chairman      Ernst Jorg Zehelein

Heinz W. Bull      Dr. Klaus Oehmichen

George Cole      Wolfgang Zinnert

Daniel J. Pisano, Jr.

2

**BYK 00338**

VIA TELEFAX   CODE # 393/94

**ALTANA**

BYK GULDEN PHARMA GROUP

Altana Inc.    60 Baylis Road, Melville, N.Y. 11747    516-454-7677    Fax: 516-454-6389

June 10, 1994

Mr. Bull
Byk Gulden Lomberg
Chemische Fabrik GmbH
W-78403 Konstanz
Germany

Re:  Supplemental Retirement Plan - Letter of May 31, 1994

Dear Mr. Bull:

The supplemental retirement plan referred to above, which is designed to restore benefits removed by the new tax law, will have no negative financial, legal or actuarial consequences to the Company. It simply provides the affected group of people the same benefit that they would have had prior to the enactment of the new tax law.

It is important to note that this is not a new retirement plan, but simply a supplement to our existing retirement plan, which will return the benefit levels, periodic pension expense and etc. to where it was prior to the IRS rule change of January 1, 1994. The supplemental plan language will include all of our existing plan language, and it will simply disregard the reduced limit on salary, for purposes of retirement benefit calculation, imposed by the Internal Revenue Service.

Limiting the amount of income available for retirement benefit calculations is another way of limiting corporate tax deductions, thereby increasing the amount of tax revenue to the government. Corporations are now forced to set up supplemental plans for employees earning over $150,000 per year, the contributions to which are no longer tax deductible. While the elimination of a tax deduction theoretically has a negative financial consequence, the actual annual impact is negligible since: (i) we are funding retirement benefits to be paid ten to fifteen years or more into the future and (ii) there are other limitations on the tax deductibility of our pension plan contributions already in effect. These limitations are referred to as the Full Funding Limitations. As of December 31, 1993, for example, the Pharmaceutical Group had an accrued liability of $1,865,000 because our plan was at the full funding level. This means we have not been able to take a tax deduction, nor fully fund our plan for this amount, since 1987 even though this was a required pension expense of the company.

Please advise should you require any further information.

Sincerely,

George Cole
President

GC/mm

**BYK 00339**