# TAB 14

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILBERT E. LINDER, | CIVIL ACTION NO. |
| | 3:02cv1956 (JBA) |
| Plaintiff, | |
| VS. | |
| | NOVEMBER 3, 2005 |
| BYK-CHEMIE USA INC., in its capacity as Plan Sponsor of the RETIREMENT PLAN OF BYK-CHEMIE USA INC., and the SUPPLEMENTAL RETIREMENT PLAN OF BYK-CHEMIE USA INC., | |
| Defendants. | |

## AFFIDAVIT OF RICHARD S. SYCH

Richard S. Sych, who having personally appeared before the undersigned officer, duly authorized by law to administer oaths, having been first duly sworn according to law, deposes and states the following:

1.

I voluntarily and freely make this affidavit of my own personal knowledge for use as evidence in support of Defendants' Motion for Summary Judgment in the above-styled action, and for any other use or purpose authorized by law. I am over the age of twenty-one years, am suffering from no legal disability, and am competent and authorized to make this affidavit and to testify to the statements and facts contained herein.

2.

I have been a practicing actuary since at least 1987. I have a Bachelors Degree in Mathematics and a Masters Degree in Applied Mathematics from the Rensselaer Polytechnic Institute. I am a member of the Enrolled Actuaries and American Academy of Actuaries. I have extensive experience in the area of pension consulting including retirement income studies, plan design work, plan terminations, and benefit calculations.

3.

I was a pension consultant with Kwasha Lipton from 1987 until 1995. I joined Hooker & Holcombe as a consulting actuary in 1995. As a consulting actuary with Hooker & Holcombe, I have provided actuarial services for BYK-Chemie USA, Inc., and Altana USA Inc., specifically with regards to their defined benefit plans and their supplemental retirement plans, including the Retirement Plan of BYK-Chemie USA, Inc., (the "Retirement Plan") and the Supplemental Retirement Plan of BYK-Chemie USA, Inc. ("SERP") (collectively the "Plans").

4.

As consulting actuary for the Plans, I occasionally worked with the Plans' administrators, including Mr. Dulik and Mr. Linder.

5.

In early 2002, I recall that an issue came up at BYK-Chemie in connection with Mr. Linder's early retirement with regards to whether income derived from the exercise of stock options under the Altana Stock Option Plan would be deemed "Compensation" under the terms of the Retirement Plan and SERP. I do not recall ever having told either Mr. Dulik or Mr. Linder that income from the exercise of stock options would be

2

included within the definition of "Compensation." Since Hooker & Holcombe has no authority to interpret BYK-Chemie employee benefit plans, it is highly unlikely that I would have given such advice to either Mr. Linder or Mr. Dulik.

6.

In my 18 plus years of experience as a pension actuary, I have found that sponsors of defined benefit pension plans generally do not include stock option income in the definition of compensation. To do so would subject the plans' funding requirements to unpredictable volatility because the exercise of stock options could dramatically increase a participant's level of compensation and thereby dramatically increase the amount of benefits they would be entitled to under a defined benefit plan and/or supplemental retirement plan. For this reason as well, it is unlikely that I would have advised Mr. Dulik or Mr. Linder that stock option income should be included in the definition of Compensation under the BYK-Chemie Plans.

7.

As the actuary for the Retirement Plan, Hooker & Holcombe is responsible for determining the Company's funding obligations for that Plan. Projected future salary increases is an important variable in determining the funding requirements under a defined benefit plan as well as the associated pension expense under applicable Financial Accounting Standards. Actuaries attempt to forecast future salary increases when determining pension funding requirements based upon information obtained from the Plan and the sponsoring employer, such as the kinds of compensation that are included in determining pension benefits, the employer's past history with respect to increases in compensation, and the employer's future expectations concerning compensation. In

3

ATL01/12069302v1

determining projected future salary increases for the Retirement Plan, Hooker & Holcombe did not take into account the income that participants may receive from exercising stock options under the Altana Stock Option Plan.

FURTHER AFFIANT SAYETH NOT.

This _3_ day of November, 2005.

_____
Richard S. Sych

Sworn to and subscribed before me
this _3_ day of November, 2005.


Notary Public
My Commission Expires April 30, 2006

4

ATL01/12069302v1