ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 DEC 21  A 11: 51

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| GILBERT E. LINDER, | : CIVIL ACTION NO. 02-CV-1956(JGM) |
| Plaintiff, | |
| v. | |
| BYK-CHEMIE USA, INC., in its Capacity as Plan Sponsor of the RETIREMENT PLAN OF BYK-CHEMIE USA INC., and the SUPPLEMENTAL RETIREMENT PLAN OF BYK-CHEMIE USA INC., | |
| Defendants. | : December 21, 2005 |

### DEFENDANTS' LOCAL RULE 56(a)2 STATEMENT

Pursuant to Local Rule 56(a), Defendants respectfully submit this statement in response to Plaintiffs' Local Rule 56(a)(1) Statement (Doc. 57).

### GENERAL OBJECTIONS

1. Defendants object to the purported statements of fact contained in Plaintiffs' Local Rule 56(a)(1) Statement to the extent these statements are inadmissible because they are argumentative, vague and ambiguous, and constitute Plaintiff's subjective characterizations.

2. Defendants object to the purported statements of fact contained in Plaintiffs' Local Rule 56(a)(1) Statement to the extent these statements are not material to any issue in this action.

### SPECIFIC RESPONSES TO NUMBERED STATEMENTS

1. Admitted.

2. Denied. (See Doc. Entry No. 18, pp. 3-5.)

ATL01/12084971v1

3. Defendants admit that Plaintiff was a member of the Administrative Committee during the period specified, but deny the remaining allegations contained in Paragraph 3. (See DApx Tab 2, Linder Dep. at pp. 11-14.)

4. Defendants admit that the paragraph quoted is an excerpt from the January 1, 2002 Summary Plan Description for the BYK-Chemie USA Inc. Retirement Plan.

5. Denied. Plaintiff was only subject to this definition of Compensation from the date upon which the restated Retirement Plan went into effect, which was January 1, 2001. (DApx Tab 3, p. 1.)

6. Defendants deny that the First Amendment to the Retirement Plan changed the definition of "Compensation." Defendants show that on its face the First Amendment merely clarified the definition of "Compensation." (Pl's. Appx. Tab 5.) Defendants further deny that the First Amendment became effective April 24, 2002 and show that on its face the Amendment became effective January 1, 2002. (Id.)

6. [Duplicative number] The "facts" stated in the second Fact Statement 6 are not admissible because they are argumentative, vague and ambiguous, and constitute legal conclusions by Plaintiff. Therefore, no response is required. Even though no response is required, Defendants deny the second Fact Statement 6 because the First Amendment to the Retirement Plan of BYK-Chemie USA Inc. states explicitly that its effective date is January 1, 2002. (Pl's Appx. Tab 5.)

7. Admitted.

8. Defendants show that the statements contained in Fact Statement 8 purport to recite or interpret the terms of a written document, which speaks for itself. Defendant denies the

- 2 -

allegations contained in Fact Statement 8 to the extent they mischaracterize or misstate the terms of the written document.

9. Defendants show that the statements contained in Fact Statement 9 purport to recite or interpret the terms of a written document, which speaks for itself. Defendant denies the allegations contained in Fact Statement 9 to the extent they mischaracterize or misstate the terms of the written document.

10. Defendants admit that the SERP uses the same definition of Compensation as the Retirement Plan. The remaining allegations contained in Fact Statement 10 purport to recite or interpret the terms of a written document, which speaks for itself. Defendants deny the remaining allegations contained in Fact Statement 10 to the extent they mischaracterize or misstate the terms of the written document. (DApx Tab 6.)

11. Defendants admit that the allegations contained in the first three sentences of Fact Statement 11 accurately reflect the written terms of Section 1.01 of the SERP. Defendants deny the allegations contained in the last sentence of Fact Statement 11. (See Pl's Appx Tab 4, Section 1.01.)

12. Defendants admit that they followed the GAAP requirements in preparing their Annual Reports. The remaining allegations contained in Fact Statement 12 are denied. Defendants show that the excerpts of the 1999, 2000 and 2001 Annual Reports cited by Plaintiff do not state that stock options were treated as a "compensation expense." (See Pl's Appx Tabs 8, 9, 10.) Defendants further show that the excerpts from the Annual Reports show that the Company took a charge against earnings in each such year at the time the stock options were granted and not when they were exercised. (See Pl's Appx Tabs 8, 9, 10, 11, 12, 13.) Defendants

show that the proceeds from the stock options exercised by Plaintiff were categorized as miscellaneous income on his W-2 not compensation. (DApx Tab 21, Foley Decl. at ¶ 5.)

13. Defendants admit that attorneys and actuaries assisted in the preparation of the Retirement Plan and SERP documents, but Defendants lack knowledge or information sufficient to form a belief as to what constitutes "the best of [Mr. Linder's] knowledge" and therefore denies the same.

14. In response to the first sentence of Fact Statement 14, Defendants admit that the reproduced portions of the 1999, 2000, 2001, 2002, 2003, and 2004 Annual Reports of Altana AG are true copies, but show that the truncated manner in which these Reports were excerpted for the Court renders them misleading. In response to the second sentence of Fact Statement 14, Defendants do not dispute the authenticity of the document identified, but do dispute the meaning that Plaintiff attributes to it.

15. Defendants do not dispute the authenticity of the document identified, but do dispute the meaning that Plaintiff attributes to the document.

16. In response to the first sentence of Fact Statement 16, Defendants admit that note 13 on page 82 of Altana AG's 1999 annual report includes the language Plaintiff has quoted. The "facts" stated in the second sentence of Fact Statement 16 are not admissible because they are argumentative and constitute a subjective characterization by Plaintiff. Therefore, no response is required. To the extent a response is required, Defendants show that Plaintiff's characterization is inconsistent with the terms of the Stock Option Plan which states that the grant of options under one plan does not entitle a participant to options under any future plans. (Pl's Appx. Tab 14, p. 5.) In response to the third sentence of Fact Statement 16,

ATL01/12084971v1

Defendants admit that the document attached at Tab 15 of Plaintiff's appendix is a true and accurate copy of the 1999 BYK-Chemie Inc. Stock Option Plan.

17. Admitted.

18. Denied. The "facts" stated in the first four sentences of Statement 18 are not admissible because they are argumentative, vague, ambiguous and inaccurate. In response to these "facts," Defendants incorporate herein their response to Fact Statement 12. In response to the fifth sentence of Fact Statement 18, Defendants admit that the document attached at Tab 16 of Plaintiff's appendix is a true and accurate copy of the 2001 BYK-Chemie Inc. Stock Option Plan.

19. The "facts" stated in Statement 19 are not admissible because they are argumentative, vague and ambiguous, and constitute subjective characterizations by Plaintiff. Therefore, no response is required. To the extent a response is required, Defendants incorporate herein their response to Fact Statement 12.

20. Defendants cannot determine with any degree of certainty what document or documents are attached at Tab 17 of Plaintiff's appendix. Tab 17 of Plaintiff's appendix appears to contain portions of two separate documents, but because one of these documents is superimposed over and obscuring the contents of the other, it is impossible to discern what these documents are and whether Plaintiff has reproduced them in their entirety. Because these documents appear to be incomplete and their contents obscured, however, Defendants deny Statement 20.

21. The "facts" stated in Statement 21 are not admissible because they are argumentative, vague and ambiguous. Therefore, no response is required. To the extent a response is required, Defendants show that the Administrative Committee, or its legal counsel,

communicated with Plaintiff's counsel following the alleged submission of his claim on May 29, 2002. (See Doc. Entry No. 18, pp. 3-5.)

## **DISPUTED ISSUES OF MATERIAL FACT**

Defendants do not contend that there are any material facts as to which there is a genuine issue to be tried. To the contrary, the evidence in this case with regard to all of the following *material* facts is undisputed:

1.  Plaintiff was a member of the BYK-Chemie Retirement Plan (the "Retirement Plan") Administrative Committee, which is the three member fiduciary body that has the primary responsibility for administering the Retirement Plan. (Defendants' Appendix ("DApx") Tab 2, at pp. 12-13.)

2.  Plaintiff was a participant in the Retirement Plan and the BYK-Chemie USA Inc. Supplemental Retirement Plan ("SERP"). (Complaint at ¶ 4.)

3.  Plaintiff was provided a copy of the Agreement & Release in early March 2002, under which Plaintiff had 45 days to review the terms of the release and 7 days after executing the release to revoke his election. (DApx Tab 16 ¶ 3, Ex. C at ¶ 10.)

4.  Plaintiff signed the Agreement & Release on or about March 28, 2002. (DApx Tab 16 Ex. C at p. 00080.)

5.  Prior to signing the Agreement & Release, Plaintiff was aware that the issue of whether income derived from the exercise of stock options under the Altana Stock Option Plan (the "SOP") was included in the definition of "Compensation" under the Retirement Plan of BYK-Chemie USA Inc. ("Retirement Plan") and the definition of "Compensation" under the Supplemental Employee Retirement Plan ("SERP") was unresolved. (DApx Tab 15 at ¶¶ 5-6 and Ex. A; Tab 11; Tab 12; Tab 2 at pp. 41-42.)

6. Two weeks before he signed the Agreement & Release, Plaintiff was specifically advised that the income derived from exercising his stock options in 2001 was not going to be included in his pension calculation. (DApx Tab 16, Ex. B.)

7. Plaintiff received consideration in exchange for releasing his claims against Defendants which exceeded the value of the benefits he claims in this lawsuit. (DApx Tab 20; Tab 16, Ex. C at ¶ 3; Tab 2 at p. 22.)

8. As a fiduciary under the Retirement Plan, Plaintiff suffered from a conflict of interest which precluded him from participating in any determination or decision that in any way impacted or effected his entitlement to benefits under the Retirement Plan. (DApx Tab 3 at § 9.1.2; Tab 2 at p. 34; Tab 12).

9. Mr. Arthur Dulik suffered from an identical conflict of interest that precluded him from participating in any determination regarding whether income derived form the exercise of stock options was included in the definition of Compensation under the Retirement Plan or the SERP because he also held stock options and was a participant in a defined benefit plan with identical terms. (DApx Tab 13 at ¶ 3; Tab 2 at pp. 40-41.)

10. The settlor of the Retirement Plan and the SERP never intended income derived from the exercise of stock options under the SOP to be included in the definition of compensation under the Retirement Plan or the SERP. (DApx Tab 4 at ¶ 5; Tab 8.)

11. The Retirement Plan's actuaries did not take into account the income that participants may have received from exercising stock options under the SOP in determining the Company's funding obligations under the Retirement Plan. (DApx Tab 14 at ¶ 7.)

12. The cost of providing stock options under the SOP constitutes an expense by the Employer for an employee benefit plan because upon exercising such options the Company

incurs an expense and a charge against earnings that is equal to the value of the options exercised. (DApx Tab 1 at pp. F-22 – F 29.)

13.  The Retirement Plan provides for benefit accruals based upon an employee's compensation and years of service with BYK-Chemie and benefits are intended to accrue ratably over an employee's working career. (DApx Tab 3 at § 5.1; Tab 4 at ¶ 3.)

14.  The SERP provides the exact same benefits as are provided under the Retirement Plan, calculated in the same way, except the SERP benefits are not subject to the compensation limits under the tax laws. (DApx Tab 4 at ¶ 4; Tab 7.)

15.  The SERP provides that the term "'Compensation' shall (except as modified below) have the same meaning given such term in the Pension Plan." (DApx Tab 6 at § 2.03).

Respectfully submitted,

THE DEFENDANTS,

BY: /s/ M.G. Monnolly

Gregory C. Braden
Michael G. Monnolly
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

ATL01/12084971v1