UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GILBERT E. LINDER,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 02-CV-1956 (JGM) |
| v. | : | |
| **BYK-CHEMIE USA INC.**, in its capacity as Plan Sponsor of the RETIREMENT PLAN OF BYK-CHEMIE USA INC., and the SUPPLEMENTAL RETIREMENT PLAN OF BYK-CHEMIE USA INC., | : | |
| Defendants. | : | JANUARY 13, 2006 |

### AFFIDAVIT OF PLAINTIFF, GILBERT E. LINDER, IN RESPONSE TO DECLARATION OF CAROL M. FOLEY

Gilbert E. Linder, being duly sworn, says:

1. I am over the age of 18 and understand the meaning and obligation of an oath.

2. I make this Affidavit in response to a second Declaration of Carol M. Foley dated December 20, 2005 (the "Second Foley Declaration") and in opposition to a motion for summary judgment filed by the Defendants.

3. Ms. Foley states in her Affidavit that she is an "Employee Benefits Administrator" for BYK-Chemie USA Inc. ("BYK"). When I was employed by BYK, I directly supervised Ms. Foley for over 10 years. Ms. Foley's position's as an Employee Benefits Administrator did not require her to make any substantive decisions regarding the administration of either the Retirement Plan of BYK-Chemie USA, Inc. (the "Retirement Plan") or the Supplemental Retirement Plan of BYK-Chemie USA Inc. ("SERP"). Ms. Foley's duties were ministerial; she did not make any independent decisions without supervisor approval. Ms. Foley had no decision making authority as

16822.000/402931.1

what should or should not be included in "Compensation" under the Retirement Plan or SERP. Based upon my knowledge of Ms. Foley's experience, she is not qualified to give any opinion regarding how stock options would be treated under the Retirement Plan or SERP.

4. I was the first BYK executive to exercise employee stock options. Thus, I was the first BYK employee where stock option compensation needed to be considered for purposes of the calculation of benefits under the Retirement Plan and SERP.

5. The SERP was not administered by BYK. The day-to-day administration was handled by Altana, a sister company of BYK. An example of this is the attached statement I received from Altana, Inc. in November, 2001 from its Melville New York office.

6. With respect to the characterization of any amounts received by an employee in connection with W-2 reporting, it is my understanding that BYK would provide information to ADP (BYK's payroll service provider) who would then "pigeon hole" income or other benefits without regard to the Retirement Plan or SERP.

_____
Gilbert E. Linder

STATE OF CONNECTICUT   )
                       ) ss. Hartford         January 13, 2006
COUNTY OF HARTFORD     )

Personally appeared, Gilbert E. Linder, and executed the foregoing Affidavit and acknowledged the same to be true and accurate to the best of his knowledge and belief this 13th day of January, 2006.

_____
Sylvie L. Poulin
Notary Public/My Comm. Exp.: 11/30/07

2

16822.000/402931.1

# BYK-Chemie USA, Inc.

## Non-Qualified Retirement Plan

### Gilbert E. Linder

You have received a statement of benefits as of December 31, 2000 provided through the qualified defined benefit retirement plan under which you are covered. You have received compensation in excess of that which may be covered under the qualified plan, so your benefits under that plan have been limited. (Except for people with grandfathered benefits, compensation earned during years through 1996 is limited to $150,000/year; 1997 through 1999 is limited to $160,000 and later years the limit is $170,000.)

Your company has set up an unfunded program to provide a supplement so that your total benefits reflect the qualified plan's definition of compensation, but without imposing the maximum limit. Therefore, your December 31, 2000 accrued benefits from both plans, payable for your life starting at your normal retirement date, are:

Annual Accrued benefit earned through December 31, 2000:

| | |
|---|---|
| Qualified Plan: | $41,516 |
| Non-qualified Plan: | $506 |
| Total: | $42,022 |

Projected Annual Benefit, assuming you continue working at your 2000 compensation rate to your normal retirement date:

| | |
|---|---|
| Qualified Plan: | $65,717 |
| Non-qualified Plan: | $804 |
| Total: | $66,521 |

G:\SECWORK\ALTANA\BENSTMTS\SERP\BENSTMT2.DOC

## CERTIFICATION

This is to certify that a copy of the foregoing was served via first-class mail, postage prepaid this 13th day of January, 2006, to:

Charles F. Corcoran, III, Esq.  
Carmody & Torrance LLP  
195 Church Street  
P.O. Box 1950  
New Haven, Connecticut 06509-1950

Michael G. Monnolly, Esquire  
Alston & Bird, LLP  
One Atlantic Center  
1201 West Peachtree Street  
Atlanta, GA 30309-3424

_____  
Dominic Fulco III

3

16822.000/402931.1